IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  04-D-2628 (MJW)

SECURITIES AND EXCHANGE COMMISSION,

    Applicant.

v.

MORGAN NIELDS,

    Respondent.

**ORDER**

I.    INTRODUCTION

THIS MATTER is before the Court on Respondent Morgan Nields's Motion to Supplement and for Reconsideration ("Motion for Reconsideration"), filed June 22, 2005, and Motion for Emergency Stay Pending Appeal of the Court's Order Enforcing the SEC's Administrative Subpoena and Compelling Respondent to Appear and Testify by August 5, 2005 ("Motion for Stay"), filed July 20, 2005.  The Securities and Exchange Commission ("SEC") filed a Response to the Motion for Reconsideration on June 23, 2005 and a Response to the Motion for Stay on July 27, 2005.  Nields filed a Reply in support of the Motion for Reconsideration on June 27, 2005.

The Motion for Reconsideration seeks relief from this Court's June 3, 2005, Order granting the SEC's Application for Order to Enforce Subpoena, and ordering Nields to comply with the SEC subpoena and testify to a duly designated officer or officers of the SEC in the investigation entitled *In the Matter of Fischer Imaging*

*Corporation* (SEC File No. D-2573), no later than Friday, August 5, 2005. The Motion for Stay seeks a stay of the June 3, 2005, Order pursuant to Fed. R. Civ. P. 62(c). For the reasons stated herein, both the Motion for Reconsideration and the Motion for Stay are **DENIED**.

II.     ANALYSIS

I first address the Motion for Reconsideration and then turn to the Motion for Stay. As an initial matter, I note that Nields filed his Motion for Reconsideration on June 22, 2005, more than ten days after entry of the June 3, 2005, Order. Therefore, I will treat the Motion for Reconsideration as a motion seeking relief from judgement under Fed. R. Civ. P. 60(b). Rule 60(b)(1) permits a court to set aside a judgment or order based on "mistake, inadvertence, surprise, or excusable neglect." Rule 60(b)(1) is not available to allow a party merely to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996). Rule 60(b)(2) permits a Court to set aside a judgment or order based on "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." "Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); *see also Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000).

Nields's Motion for Reconsideration of the June 3, 2005, Order is based on the SEC's filing of an enforcement action against six Fischer Imaging officers and directors

on June 7, 2005. According to Nields, this "previously unavailable evidence" demonstrates that the June 3, 2005, Order is "based upon a misapprehension of the prejudice the SEC would suffer if the Court did not enforce the subpoena," because the SEC had already "made the decision to file an enforcement action" at the time of the hearing irrespective of whether this Court enforced the administrative subpoena issued to Mr. Nields. In Response the SEC contends that the Motion for Reconsideration merely repeats arguments made at the June 1, 2005, hearing, and despite the recently filed enforcement action, its investigation is not closed or complete.

      I find that Nields is not entitled to relief under any of the grounds specified in Rule 60(b). The SEC has represented that its investigation is ongoing. The fact that the SEC recently filed an enforcement action against several Fisher Imaging officers and directors does not diminish the prejudice that the SEC would suffer if it was unable to enforce the administrative subpoena against Nields and complete its investigation.

      Turning to Nields Motion to Stay, Nields requests a stay of the June 3, 2005, Order, pursuant to Fed. R. Civ. P. 62(c), pending his appeal of that Order to the Tenth Circuit. The governing considerations in granting a stay are: "(1) whether the ... applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see also Desktop Images, Inc. v. Ames*, 930 F. Supp. 1450, 1451 (D. Colo. 1996). An application for stay under Rule 62(c) is addressed to the discretion of the court. *See,*

*e.g., First Sav. Bank v. First Bank Sys.*, 163 F.R.D. 612, 614 (D. Kan. 1995); 11 Charles A. Wright et al., Federal Practice and Procedure § 2904, at 501 (1995).  The burden of satisfying these conditions is on the party seeking the stay.  *First Sav. Bank*, 163 F.R.D. at 614-15.

Nields asserts that he will be irreparably prejudiced if forced to testify before the Tenth Circuit decides his appeal, that the SEC will not be irreparably prejudiced by a stay, that the public interest will not be irreparably prejudiced by a stay, and that his appeal raises substantial, serious, difficult and doubtful legal issues which deserve appellate review and consideration.  The SEC asserts that Nields has not made a strong showing that he is likely to succeed on the merits.  I agree with the SEC.  As discussed in the June 3, 2005, Order, Nields does not dispute that the SEC has met the requirements for obtaining the subpoena, nor does he dispute the relevance of the subpoena.  In addition, Nields has not made a strong showing that the Tenth Circuit is likely to hold that an SEC administrative subpoena cannot be enforced while a criminal investigation is pending.  Because Nields has not made a strong showing that he is likely to succeed on the merits of his appeal, I need not address the other considerations set forth in *Hilton, supra*.

Based upon the foregoing, it is

ORDERED that Respondent Morgan Nields's Motion to Supplement and for Reconsideration ("Motion for Reconsideration"), filed June 22, 2005, is **DENIED**.  It is

FURTHER ORDERED that Respondent Morgan Nields's Motion for Emergency Stay Pending Appeal of the Court's Order Enforcing the SEC's Administrative

Subpoena and Compelling Respondent to Appear and Testify by August 5, 2005 ("Motion"), filed July 20, 2005, is **DENIED**.

Dated: August 3, 2005

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge